IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHARLIENE ROEMER, <br> as Administratrix of the Estate <br> of Gladys Robinson, Deceased | § § § § | PLAINTIFF |
| V. | § | Civil No. 1:04CV806-HSO-RHW |
| GEICO GENERAL INSURANCE <br> COMPANY, *et al.* | § § § | DEFENDANTS |

**ORDER AND REASONS GRANTING PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

BEFORE THE COURT is the Motion for Partial Summary Judgment on the Issue of Liability of Defendant The Estate of Donna Miller ["Miller"], filed February 15, 2008 [128-1], by Plaintiff Charliene Roemer, as Administratrix of the Estate of Gladys Robinson, Deceased ["Plaintiff"]. Miller filed a Response [134-1], in which Defendant Geico General Insurance Company ["Geico"] joined [138-1], and Plaintiff filed a Rebuttal [146-1]. After consideration of the record as a whole, the parties' submissions and the relevant legal authorities, the Court finds that Plaintiff's Motion for Partial Summary Judgment on the Issue of Liability [128-1] should be granted.

I. DISCUSSION

A.  Summary Judgment Standard

Federal Rule of Civil Procedure 56 permits any party to a civil action to move for summary judgment upon a claim, counterclaim, or cross-claim as to which there is no genuine issue of material fact and upon which the moving party is entitled to

prevail as a matter of law.  *See* FED. R. CIV. P. 56.

A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986).  Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *See id.* at 324-25.  The non-moving party may not rest upon mere allegations or denials in its pleadings, but must set forth specific facts showing the existence of a genuine issue for trial.  *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256-57 (1986).

B.  <u>Miller's Liability</u>

Based upon representations of counsel and after a thorough review of the record evidence and the pleadings, including Miller's [124-1] Motion to Sever and/or Bifurcate and [30-1] Answer to Amended Complaint, wherein Miller admits liability, the Court finds that there is and can be no real dispute as to the liability of Defendant Miller.  *See* Mot. to Sever and/or Bifurcate, at p. 2; Miller's Answer to Amended Compl., at pp. 2-4.  Therefore, partial summary judgment is appropriate as to the issue of Miller's liability to Plaintiff.

## II. <u>CONCLUSION</u>

The Court has considered the parties' submissions, the record, and the relevant legal authorities, and concludes that Plaintiff's Motion for Partial Summary Judgment on the Issue of Liability as to Miller should be granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated herein, Plaintiff's Motion for Partial Summary Judgment on the Issue of Liability as to Defendant The Estate of Donna Miller [128-1] should be and is hereby **GRANTED**.

**SO ORDERED AND ADJUDGED**, this the 14th day of April, 2008.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE